1
2
3
4
5
6
7

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 95-00054 |
| Plaintiff, | **ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE AND DENYING AS MOOT MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)** |
| vs. | |
| HONOFRE CHARGUALAF, | |
| Defendant. | |

Before the Court are Defendant's motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)-(2). ECF 260, 265. As stated on the record at the July 1, 2020 hearing, the Court **GRANTS** Defendant's motion pursuant to § 3582(c)(1), ECF 265, and reduces his prison term to a sentence of time served. Defendant's motion pursuant to § 3852(c)(2), ECF 260, is accordingly **DENIED AS MOOT**.

### I. BACKGROUND

On May 10, 1996, following conviction by jury verdict, Defendant was sentenced on the following Counts: (1) Unlawful Transportation of a Machine Gun, 18 U.S.C. § 922(a)(4); (2) Unlawful Possession of a Machine Gun, 18 U.S.C. § 922(o)(2); (3) Unlawful possession of a firearm by a Fugitive from Justice, 18 U.S.C. § 922(g)(2); (4) Possession with Intent to Distribute of Methamphetamine, 21 U.S.C. § 841(a)(1); (5) Unlawful Use or Carrying of a Firearm During and In Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c); (6) Unlawful possession of a firearm by a Fugitive from Justice, 18 U.S.C. § 922(g)(2); (7) Possession with Intent to Distribute of Methamphetamine, 21 U.S.C. § 841(a)(1); and (8) Possession with Intent to Distribute of Methamphetamine, 21 U.S.C. § 841(a)(1). Defendant was sentenced to a term of 120 months on Counts 1, 2, 3, 4, 6, and 7; a concurrent term of 168 months on Count 8; and the

1

1  mandatory minimum of 30 years on Count 5, ordered to run consecutively as mandated by

2  statute.

3     On August 6, 2019, the Court reduced Defendant's sentence pursuant to 18 U.S.C.

4  § 3582(c)(2), based on a post-sentencing amendment to the U.S. Sentencing Guidelines that

5  lowered the guideline range applicable to Defendant's case. Defendant's sentence was reduced to

6  78 months on all counts except for Count 5, which remained at the mandatory minimum of 30

7  years, consecutive to all other counts. Defendant has now served approximately 25 years of his

8  total reduced sentence of 36 years and 6 months.

9     On August 15, 2019, Defendant filed a pro se motion seeking a further reduction in his

10  sentence pursuant to § 3582(c)(2), based on amendments 782 and 768 to the U.S. Sentencing

11  Guidelines. After the Office of the Public Defender was appointed to represent Defendant,

12  Defendant filed another motion on April 28, 2020—this time through counsel—seeking a

13  reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), more commonly known as the

14  "compassionate release" provision.

15                    **II. LEGAL STANDARD**

16     Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),

17           [t]he court may not modify a term of imprisonment once it has been

18           imposed except that … in any case … the court, … upon motion of the

19           defendant…, may reduce the term of imprisonment (and may impose a term

20           of probation or supervised release with or without conditions that does not

21           exceed the unserved portion of the original term of imprisonment), after

22           considering the factors set forth in section 3553(a) to the extent that they are

23           applicable, if it finds that … extraordinary and compelling reasons warrant

24           such a reduction … and that such a reduction is consistent with applicable

25           policy statements issued by the Sentencing Commission.

26     The Sentencing Commission's policy statement on reductions of imprisonment terms

27  permits such reductions if, after considering the factors set forth in 18 U.S.C. § 3553(a), the

28  Court finds that (1) "extraordinary and compelling reasons warrant the reduction"; and (2) "the

defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Assuming the second requirement is met, the commentary to this section notes that extraordinary and compelling reasons exist when the defendant is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A)(ii).

## III. DISCUSSION

As the Court stated the reasons for granting Defendant's motion on the record at the July 1, 2020 motion hearing, the Court simply highlights here the facts most relevant to its ruling.

With respect to § 1B1.13(2), potential danger to another person or the community, the Court finds that Defendant poses no credible threat to any other person or to the community. The Court first notes that Defendant was convicted of non-violent crimes and has a criminal history category of I, suggesting Defendant poses little threat to anyone. This is further corroborated by the Bureau of Prison's Custody Classification Form for Defendant, which (1) includes a "history of violence" score of 1, corresponding to behavior that occurred more than 10 years ago and was not likely to cause serious bodily harm or death; (2) includes classifications of "None" for both the frequency of disciplinary reports and the severity and number of disciplinary reports; (3) indicates "None" for special risk factors requiring extra precautions to protect the public; and (4) designates Defendant for minimal security detention. Def.'s Ex. W. Finally, the Court notes that the U.S. Probation Office, which supported Defendant's motion for compassionate release, recommended neither home detention nor location monitoring upon Defendant's release.

With respect to § 1B1.13(1)(A), extraordinary and compelling reasons warranting a reduction in Defendant's sentence, the Court finds this standard met by a combination of two factors presented in this case. The first is the extraordinary and compelling efforts at rehabilitation Defendant has made while in prison. *See* Tr. at 4:7-10. It is truly rare to encounter an incarcerated individual who inspires as much hope for the prospects of former prisoners than Mr. Chargualaf. The extensive record of continuing education programs Defendant availed

3

himself of while incarcerated stands as a remarkable testament to Defendant's determination not to let the mistakes of his past prevent him from facing his future with hope. And, even while devoting substantial time to self-improvement while in prison, Defendant still managed to maintain a more substantial involvement in his children's lives than many fathers who are not incarcerated. *See* Tr. at 4:11-15.

The Court also finds it significant that the U.S. Probation Office not only declined to oppose Mr. Chargualaf's release, but actively supported it. In addition to the U.S. Probation Officer who spoke in support of Defendant's motion at the hearing, the Court was contacted by the Chief United States Probation Officer for Guam and the Northern Mariana Islands, expressing strong support for Defendant's release and indicating her belief that Defendant's continued incarceration would deprive a community of Mr. Chargualaf's potential contributions while serving no one's interests. It is extraordinarily rare for a defendant to receive support of this magnitude from the U.S. Probation Office, and the Court therefore gives it considerable weight.

The Court considers Defendant's considerable rehabilitative efforts in combination with the substantial health risks faced by Defendant if he continues to be incarcerated. Defendant suffers from Hepatitis C, which compromises his liver function and puts him at increased risk of life-threatening complications from the current COVID-19 pandemic. Def.'s Ex. U, U-1. The Court considers this in combination with the fact that any efforts made by Defendant's correctional facility to protect him against contraction of the virus proved ineffective, as Defendant tested positive for COVID-19 in May 2020.[1] *See* Def.'s Ex. V. In light of Defendant's medical conditions, the conditions of the facility in which Defendant is housed, and the underwhelming medical attention Defendant has received since testing positive for COVID-19, the Court is compelled to agree with defense counsel's observation that the time remaining on Defendant's imprisonment term is—as a practical matter—more akin to a death sentence.

---

[1] The Court also finds it remarkable that Defendant has not received any additional follow-up tests after his initial positive result.

Case 1:95-cr-00054   Document 292   Filed 07/02/20   Page 4 of 5

## IV. CONCLUSION

The Court is cognizant of the important interests served by the finality of criminal judgments, and therefore does not lightly disturb a sentence of imprisonment once it has become final. However, cases as compelling as the present one rarely come before the Court, and in this instance there is little for the Court to do but recognize the inescapable conclusion that extraordinary and compelling reasons warrant a reduction in Defendant's sentence. For the reasons stated above and at the July 1, 2020 hearing, Defendant's motion for compassionate release is **GRANTED**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: Jul 02, 2020**